No. 12,296.

DENVER AND SALT LAKE RAILWAY Co. v. HITCHCOCK AND TINKLER EQUIPMENT Co.

(285 Pac. 941)

Decided March 3, 1930.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, for plaintiff in error.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

HITCHCOCK & Tinkler Equipment Company, a corporation, defendant in error, hereinafter referred to as plaintiff, brought its action in the district court against the Denver & Salt Lake Railway Company, a corporation, plaintiff in error, hereinafter referred to as defendant, to recover damages for the conversion of certain personal property to which the plaintiff claimed title, and right of possession. This action was tried to the court without the intervention of a jury and judgment was entered in favor of the plaintiff, from which judgment the defendant prosecutes this writ.

The only assignment of error argued by the defendant requires a determination of the right of the defendant to possession of certain personal property which it claimed by virtue of a lease from the Moffat Tunnel Commission, as against the right of the plaintiff to the same property by virtue of a certain bill of sale from the Moffat Tunnel Commission, under which the plaintiff claims right of ownership and immediate possession.

The property involved is: (a) 6 sections double tier lockers of the value of $24; (b) 1 electric siren of the value of $20; (c) 1 telephone ringing box of the value of $10; (d) 2 Seafoam fire extinguishers of the value of $290; (e) 10,000 pounds copper trolley wire of the value of $1,700.

The parties hereto concede that the Moffat Tunnel Commission was the owner and entitled to sell or lease the property involved. On January 6, 1926, the Moffat Tunnel Commission and the defendant entered into a lease of "that certain railroad tunnel, together with approaches thereto both from the east and from the west, * * * and now being constructed by the district, as more in detail and graphically shown on that certain plat marked 'Exhibit A,' hereto attached and expressly made a part of this contract and indenture of lease, together with certain equipment for said railroad tunnel, including a railroad track, ventilation fans and equipment, and other construction and equipment, as more fully set forth in an instrument hereto attached, called 'plans, specifications and equipment,' marked 'Exhibit B' and by reference made a part of this contract and indenture of lease, *together with all other property,* rights, easements, appurtenances connected with said railroad tunnel, its approaches and equipment, and belonging to the district. * * *

"To Have and to Hold said railroad tunnel, together with its approaches connecting it with the present The Denver and Salt Lake Railroad, herein described and referred to, the equipment and structures herein described and referred to, and all appurtenances *and all other property,* rights of way, and easements belonging to the party of the first part, *that may be useful, incident or convenient for the use and operation of said railroad tunnel,* for the term of fifty (50) years from date."

Prior to March 3, 1928, the Moffat Tunnel Commission advertised certain property for sale, in which advertisement the identical property herein involved was included. In addition to this, the Moffat Tunnel Commission printed and distributed an "inventory of Moffat Tunnel plant, machinery, camp building and equipment," consisting of 54 pages, in which the property herein involved was also included. The plaintiff was the success-

ful bidder, and on March 3, 1928, the Moffat Tunnel Commission executed and delivered to the plaintiff its bill of sale to all the property mentioned and described in the "inventory" excepting certain thereof with which we are not concerned.

Thereafter the plaintiff attempted to take possession of the personal property heretofore specifically mentioned, and upon the refusal of the defendant to permit the plaintiff to take possession, this action in conversion resulted.

The defendant does not contend that the property involved was specifically mentioned in its lease, but that it secured right thereto under the following: "all property * * * that may be useful, incident or convenient for the use and operation of said railroad tunnel, for a term of fifty (50) years from date."

The defendant called no witnesses, the only ones testifying at the trial being those called and produced by the plaintiff. These witnesses all testified that the property herein involved was not "useful, incident or convenient for the use and operation of said railroad tunnel," and in this they were corroborated by the defendant itself, as it was shown by the testimony that the defendant had removed the copper wire and "cut it up," so that it would have been of no use thereafter for any purpose connected with the operation of the tunnel.

When the bill of sale from the Moffat Tunnel Commission to the plaintiff for the specific property was offered and received in evidence, and also evidence of the plaintiff's demand for possession and the defendant's refusal, a prima facie case in conversion was made, and the burden was upon the defendant to affirmatively prove a special interest in the property, justifying its retention and use. It was therefore incumbent upon the defendant, in order to prevail, to establish that the property in question was "useful, incident or convenient for the use and operation of said Railroad Tunnel." Not only did the defendant utterly fail in this respect, but it affirma-

tively appears from the record that the property in question was not suitable for any purpose in this connection.

This was a question of fact which the trial court determined adversely to the defendant and with this determination we fully agree.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.